## BIO-POLYMERS, INC. *v.* JOSEPH D'ARRIGO
## (8360)

DUPONT, C. J., LAVERY and LANDAU, Js.

Argued June 5—decision released September 4, 1990

*Neil Johnson,* for the appellant-appellee (defendant).

*Jeffrey J. Mirman,* with whom, on the brief, was *Maura L. Hughes,* for the appellee-appellant (plaintiff).

LAVERY, J. This is an appeal from a judgment of the trial court confirming in part and vacating in part an arbitration award arising out of a dispute over an employment contract. The dispositive issue is whether

the arbitrators exceeded their authority under General Statutes § 52-418 (a) (4).[1] The trial court concluded that they did. We disagree.

The trial court noted the following background facts in its memorandum of decision. On June 6, 1985, the defendant, Joseph D'Arrigo, received a letter from the plaintiff, Bio-Polymers, Inc., containing an offer of employment. The letter provided that Bio-Polymers would make available to D'Arrigo 4000 shares of Bio-Polymers common stock as a "hiring bonus." On June 25, the parties entered into a written one year employment agreement. That agreement did not include any reference to the 4000 shares of stock. The June 25 agreement contained a general arbitration clause, which provided: "In the event of any dispute under this agreement, it shall be resolved through binding arbitration in accordance with the rules of the American Arbitration Association . . . ." In addition, the June 25 agreement contained a clause that read: "This constitutes the entire agreement between the parties. Any modification must be in writing."

D'Arrigo began his employment at Bio-Polymers on July 1, 1985. On January 2, 1986, he was discharged for allegedly poor performance. He brought suit, alleging that Bio-Polymers had breached the employment contract. Upon motion by Bio-Polymers, the court ordered the parties to proceed to arbitration pursuant to the arbitration clause in the employment agreement. Because they were unable to agree on a submission,

[1] General Statutes § 52-418 (a) provides in pertinent part: "Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides . . . shall make an order vacating the award if it finds any of the following defects . . . (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

each party presented its own submission to the panel of three arbitrators, which convened on several dates in May, June and July, 1988.

The arbitration panel made the following conclusions in its award: (1) the June 6 letter offering employment and the June 25 employment agreement constituted the basis of D'Arrigo's employment; (2) Bio-Polymers' termination of D'Arrigo on January 2, 1986, was improper; (3) as a result of the improper termination D'Arrigo was entitled to receive his salary for the remaining contract period, all employee benefits to which he would otherwise have been entitled, and 4000 shares of Bio-Polymers nonvoting stock, or the cash equivalent, as a "hiring bonus" promised in the offer letter; (4) the parties were to share equally all administrative fees and expenses, as well as all arbitrators' compensation and expenses. Any fees caused by postponements were to be borne by the party requesting the postponement.

Bio-Polymers applied to vacate the award and D'Arrigo moved to confirm the award as to the issues of liability and damages and to vacate the award as to administrative fees and expenses. The trial court vacated that portion of the award granting D'Arrigo the 4000 shares of stock and confirmed the remainder of the award. D'Arrigo appealed[2] and Bio-Polymers cross appealed.

The dispositive issue here is whether the trial court correctly found that the arbitrators exceeded their authority under General Statutes § 52-418 (a) (4). The court based this finding on the fact that the arbitrators, in determining the conditions of D'Arrigo's

[2] During oral argument, Bio-Polymers challenged the timeliness of D'Arrigo's appeal from the order vacating the award in part. The proper time to challenge the timeliness of an appeal, however, is within the first ten days after the appeal is filed. Otherwise, such objections are deemed to be waived. Practice Book § 4056.

employment, looked to the provisions of both the June 6 offering letter and the June 25 employment agreement despite the integration clause in the June 25 employment agreement. Because that agreement was by its terms self-limiting, the trial court concluded, the arbitrators had authority to render a decision based only on the terms stated in that agreement. The court further determined that the only question properly before the arbitrators was whether the employment contract was breached by Bio-Polymers.

We disagree with the portion of the trial court's decision that limited the scope of the arbitration to the four corners of the June 25 contract. The arbitration proceeding in this case was a creature of contract; see *Bic Pen Corporation* v. *Local No. 134,* 183 Conn. 579, 583–84, 440 A.2d 774 (1981); and the scope of the arbitration issues was set by the parties in the contract, not after the fact by the trial court. Id. The parties, having provided in the June 25 agreement that "any dispute . . . shall be resolved through binding arbitration," proceeded to dispute the scope of the arbitration. The broad language of the June 25 agreement, however, placed before the arbitrators all contractual disputes, including the initial dispute as to the proper scope of the submission. See *College Plaza, Inc.* v. *Harlaco, Inc.,* 152 Conn. 707, 708, 206 A.2d 832 (1965). Because the arbitrators were authorized to resolve this initial dispute, their decision is beyond judicial review.[3] *O & G/O'Connell Joint Venture* v. *Chase Family Limited Partnership No. 3,* 203 Conn. 133, 154–55, 523 A.2d 1271 (1987); see also *A. Sangivanni & Sons* v. *F. M. Floryan & Co.,* 158 Conn. 467, 473, 262 A.2d 159 (1969).

[3] General Statutes § 52-418 (a) prescribes a very narrow scope of judicial review on appeal from an arbitration award. The trial court, basically, is limited to determining whether the award is procedurally sound. See footnote 1, supra.

The arbitrators determined that the proper scope of the arbitration concerned the entire issue of the termination of D'Arrigo's employment.[4] The arbitrators then determined that both the June 6 offer letter and the June 25 employment agreement "constitute[d] the basis of employment. The offer letter reinforce[d] the employment contract." This was a decision on a legal question. It is of no moment whether the trial court agreed with the arbitrators' legal conclusions; the only issue before the trial court was whether the decision was one the arbitrators were authorized to make. *Bic Pen Corporation* v. *Local No. 134,* supra. The arbitration clause in the contract squarely placed this issue before the arbitrators.

The judgment is reversed and the case is remanded with direction to render a judgment in favor of the defendant on his motion to confirm the arbitration award; the judgment is affirmed as to the issues on the cross appeal.

In this opinion the other judges concurred.

---

[4] The arbitrators cited the broad arbitration clause in the contract as the scope of their authority, and went on to say, "[t]his matter centers around the discharge of the Petitioner by the Respondent, the Respondent's position being that the petitioner breached their employment agreement."