GENERAL ACCIDENT INSURANCE COMPANY *v.*
SUSAN MCGEE
(11744)

O'CONNELL, LAVERY and LANDAU, Js.

Argued September 30, 1993—decision released February 22, 1994

*Barbara E. Crowley,* with whom was *Dennis N. Garvey,* for the appellant (defendant).

*Michael J. Quinn,* with whom, on the brief, was *Jane Richardson,* for the appellee (plaintiff).

LAVERY, J. The defendant, Susan McGee, appeals from the judgment of the trial court vacating her arbitration award and denying her application to confirm the award. The defendant claims that the trial court improperly (1) conducted a de novo review of the arbitration decision rather than a limited review of whether the award conformed to the submission, (2) ruled that the defendant was not a named insured under her father's Rhode Island insurance policy, (3) ruled that the defendant was not a resident relative of her father's household, and (4) ruled that the owned vehicle exclusion would deny recovery under Rhode Island law. We reverse the judgment of the trial court.

The basic facts are as follows: The defendant, while operating her own vehicle, sustained injuries in an automobile accident on November 4, 1988, in Beacon Falls. The tortfeasor's liability was admitted and his insurance carrier paid the defendant $91,610.[1] The defendant's vehicle was insured under a policy issued by the plaintiff in Rhode Island with $100,000 uninsured motorist coverage. The defendant was also listed as one of the insured operators on the declarations sheet of her father's automobile insurance policy, also issued by the plaintiff in Rhode Island. The defendant sought to recover damages under her father's policy, which provided $300,000 underinsured motorist coverage.

The plaintiff denied liability under the policy and the matter was submitted to arbitration on the issues of coverage and damages pursuant to the policy. The arbitration was held in Connecticut. The parties stipulated that Rhode Island substantive law would be applied. A majority of the arbitrators ruled that the defendant was covered by her father's policy and awarded her $195,049.15. A dissent argued that the majority impermissibly reformed the insurance contract by extending coverage to the defendant.

The plaintiff applied to the Superior Court to vacate the award; the defendant applied to confirm the award. Using Connecticut procedural law and Rhode Island substantive law, the trial court conducted a de novo review of the arbitrators' award. The trial court ruled that the defendant was not covered by her father's policy and that Rhode Island law prohibited her recovery. The trial court vacated the arbitration award and denied the motion to confirm.

---

[1] This payment exhausted the tortfeasor's $100,000 policy because the remainder had been applied to the defendant's property damage claim.

I

The first issue to be resolved is whether the trial court appropriately conducted a de novo review rather than a limited review of whether the award conformed to the submission. The parties submitted this case to arbitration solely under the contractual provisions of the Rhode Island insurance policy. Rhode Island does not have a statute requiring binding arbitration of insurance coverage disputes. Moreover, the Connecticut statute requiring arbitration; General Statutes § 38a-336; applies only to contracts of insurance issued in Connecticut. *Oliva* v. *Aetna Casualty & Surety Co.*, 181 Conn. 37, 41–42, 434 A.2d 304 (1980). Thus, since the arbitration was submitted under the contractual provision of the policy and not mandated by statute, the arbitration was voluntary and not compulsory.

The voluntary or compulsory nature of arbitration determines the scope of judicial review. *Bodner* v. *United Services Automobile Assn.*, 222 Conn. 480, 486–87, 610 A.2d 1212 (1992). "[V]oluntary arbitration and compulsory arbitration are fundamentally different if only because one may, under our system, consent to almost any restriction upon or deprivation of right, but similar restrictions or deprivations, if compelled by government, must accord with procedural and substantive due process. . . . To insulate statutorily mandated arbitration awards from judicial review for errors of law creates the anomaly that, without the consent of the parties, arbitrators are empowered to disregard the law in deciding issues affecting substantial rights. . . . The case is different where the parties voluntarily bargained for the decision of the arbitrator and, as such, the parties are presumed to have assumed the risks of and waived objections to that decision." (Citations omitted; internal quotation marks omitted.) Id., 487.

In short, de novo judicial review is appropriate where arbitration is compulsory. Id. Conversely, "when arbitration is consensual, rather than statutorily imposed, judicial review is limited in scope. . . . If the parties mutually agree to submit their dispute to arbitration, the resulting award is not reviewable for errors of law or fact. . . . Judicial review of unrestricted submissions is limited to a comparison between the submission and the award to see whether, in accordance with the powers conferred upon the arbitrators, their award conforms to the submission. . . ." (Citations omitted; internal quotation marks omitted.) Id., 487–88.

Because this case was submitted to arbitration with the consent of the parties, the trial court improperly conducted a de novo review.[2] The trial court should have limited its review to a determination of whether the award conformed to the submission. We must likewise limit our review. *Garrity* v. *McCaskey,* 223 Conn. 1, 4–5, 612 A.2d 742 (1992); *Bodner* v. *United Services Automobile Assn.,* supra, 487. Therefore, we do not address the defendant's second, third and fourth claims.

## II

The final issue on appeal is whether the trial court properly vacated the arbitration award.[3] Connecticut

---

[2] We need not address whether the scope of review is a procedural or substantive issue and thereby determine which state's standard applies. Under both states' law, de novo review is inappropriate in this case. Compare *Bodner* v. *United Services Automobile Assn.,* 222 Conn. 480, 486–87, 610 A.2d 1212 (1992), with *Rhode Island Council 94* v. *State,* 456 A.2d 771, 773 (R.I. 1983).

[3] Having decided that the trial court used the wrong standard, we need not remand this case for a new hearing. Where the record suffices, we will determine whether the award should have been confirmed or vacated. See, e.g., *Ceci* v. *National Indemnity Co.,* 225 Conn. 165, 176, 622 A.2d 545 (1993) (remanding with direction that trial court deny confirmation and vacate award); *Rydingsword* v. *Liberty Mutual Ins. Co.,* 224 Conn. 8, 22, 615 A.2d 1032 (1992) (remanding with direction that trial court confirm award); *White* v. *Kampner,* 31 Conn. App. 73, 79, 623 A.2d 514, cert.

recognizes only "three grounds for vacating an award: (1) the award rules on the constitutionality of a statute . . . (2) the award violates clear public policy . . . or (3) the award contravenes one or more of the statutory proscriptions of [General Statutes] § 52-418."[4] (Citations omitted.) *Garrity* v. *McCaskey,* supra, 6.

Our review of the award reveals that it neither ruled on the constitutionality of a statute nor violated a clear public policy. Further, the plaintiff has not alleged and the award does not reveal any violations of § 52-418. Therefore, the award was improperly vacated.

In this case, the policy provided for arbitration of coverage and damages. Since the award was limited to coverage and damages, the award conforms to the submission. The award, therefore, should be confirmed.

The judgment is reversed and the case is remanded with direction to render judgment confirming the award.

In this opinion the other judges concurred.

---

granted on other grounds, 226 Conn. 909, 625 A.2d 1379 (1993) (remanding with direction that trial court confirm award); *Bio-Polymers, Inc.* v. *D'Arrigo,* 23 Conn. App. 107, 111, 579 A.2d 122 (1990) (remanding with direction that trial court confirm award).

[4] General Statutes § 52-418 (a) provides in pertinent part: "Upon the application of any party to an arbitration, the superior court . . . or . . . any judge thereof, shall make an order vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."