[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action arises from a dispute between a contractor, plaintiff Franco Brothers, Inc. and a home owner, defendant Edward Botwinick. The operative complaint by agreement of the parties is dated June 11, 1993 and contains four counts. In the first count, the plaintiff alleges that pursuant to a contract between plaintiff and defendant, it furnished materials and rendered services between August, 1988 and February, 1990 to renovate a single family dwelling situated on two and a half acres of waterfront property owned by the defendant and located on Cedar Cliff Road in the Riverside section of Greenwich. The plaintiff further alleges that defendant owes approximately $85,000 pursuant to this contract. The plaintiff also claims that CT Page 3315 it filed a timely certificate of mechanic's lien on the Greenwich Land Records, which it seeks to foreclose. In the remaining counts, the plaintiff alleges breach of contract, unjust enrichment and quantum meruit, respectively.
The defendant filed four "special defenses, counterclaims, recoupments and setoffs," in the total amount of approximately $326,000. The first alleges that the plaintiff breached the written contract between the parties dated August 8, 1988, thereby causing damages to defendant exceeding any amounts owed to plaintiff. The second such defense contends that plaintiff's alleged faulty workmanship and failure to pay subcontractors constitute negligence. The third defense claims that plaintiff breached certain warranties which were included in the contract, and the fourth alleges that there has been a violation of the Home Improvement Act, General Statutes 20-418 et seq., because certain change orders were not signed by the defendant. In its reply to these defenses and counterclaims, plaintiff contends that the Home Improvement Act does not apply to this case, and that in any event, all change orders were approved in writing by the owner or his agent.
By an agreement dated April 29, 1993, the parties agreed in writing to submit the case to trial by an arbitrator pursuant to General Statutes 52-408 et seq. The submission to the arbitrator included "any and all claims and defenses asserted in the pleadings," and "all legal and factual issues raised by the pleadings." The parties further agreed that Attorney Kevin Tierney would be the arbitrator. Attorney Tierney conducted a trial over the course of nine days and received in evidence over 115 exhibits. He thereafter wrote a most comprehensive and thoughtful memorandum of some 56 pages in which he awarded $84,792 to the plaintiff on its breach of contract claim, and awarded $152,126 to the defendant on his counterclaim alleging breach of contract.
The arbitrator made a number of findings of fact, including: (1) that plaintiffs construction work ended on October 12, 1989, and the mechanic's lien was not recorded until March 1, 1990; (2) that plaintiff substantially complied with its obligations under the contract; (3) that the defendant had paid plaintiff all but $84,972 of the contract price of $1,260,069, and the various change orders totalling $475,352, for a total of contract plus change orders of $1,735,421: (4) that the contract involved modernization and renovations to an existing dwelling house; (5) CT Page 3316 that some of the work performed by plaintiff on defendant's home was defective and unworkmanlike, with details of these deficiencies, including problems with the heating, ventilating and air conditioning, the kitchen exhaust, the poolhouse, water leaks, shower installation, leaking roofs, and flooring; (6) that the defendant was obliged to expend substantial sums to correct the defective work performed by plaintiff, with details of what was paid to whom and for what work; (7) that Allan Shope, the defendant's architect, also acted as defendant's agent in various ways, such as signing a number of change orders; and (7) that a few of the change orders were not signed by the defendant or his agent.
As a result of these factual findings, the arbitrator concluded: (1) that the mechanic's lien was not valid because it had not been filed within 90 days of the completion of plaintiff's work: (2) that plaintiff was entitled to $84,792 on its claim of breach of contract; (3) that the contract was governed by the Home Improvement Act, General Statutes 20-418 et seq. and that the contract between the parties complied with this act; (4) that Allan Shope, as the defendant's agent, had the authority to sign change orders on behalf of the defendant: (5) that the amount due the plaintiff contractor of $84,792 included balances owing on both the original contract and change orders, and that this sum cannot be attributed exclusively to or connected with the several change orders that were not signed by either the defendant or his architect; (6) that by reason of the conduct of the parties in paying and accepting certain sums under the contract and change orders, any complaint that the change orders violated the Home Improvement Act for lack of signatures had been waived; and (7) that because of the conclusions set forth above in numbers 4, 5 and 6 above, no violation of the Home Improvement Act had occurred.
The defendant Botwinick has now moved (#143) to confirm the arbitration award in his favor in connection with his counterclaim, and to vacate the award to the plaintiff. Defendant has also filed motion #142 seeking a "summary judgment" that the plaintiff is not entitled to any award because of alleged violations of the Home Improvement Act.
In seeking to vacate the award to plaintiff, and in moving for summary judgment for the same purpose, the defendant has not taken into account the axioms of Connecticut law governing the voluntary submission of a case to arbitration, which were most CT Page 3317 recently reiterated in General Accident Insurance Company v. McGee, 33 Conn. App. 626, 630-31, ___ A.2d ___ (1994). In this case, the Appellate Court pointed out that where the submission to arbitration is voluntary, as occurred in this matter, "the parties are presumed to have assumed the risks of and waived objections to that decision." Id., 629. "If the parties mutually agree to submit their dispute to arbitration, the resulting award is not reviewable for errors of law or fact. . . . Judicial review of unrestricted submissions is limited to a comparison between the submission and the award to see whether, in accordance with the powers conferred upon the arbitrators, their award conforms to the submission." Id., 630. The only three grounds for vacating an award are if such award rules on the constitutionality of a statute; if the award violates clear public policy; or if the award violates one or more of the proscriptions of General Statutes 52-418 referring to fraud, corruption, partiality, misconduct in refusing to hear evidence or when an arbitrator exceeds his powers or imperfectly executed such powers. Id., 631.
The defendant in the present case confined his objection to the arbitrator's award of damages to the plaintiff to an assertion that the Home Improvement Act was violated because some of the change orders had not been signed. Section 20-429 (a) provides that: "[e]ach change in the terms and conditions of a contract shall be in writing and shall be signed by the owner and contractor." Defendant contends that all the change orders are invalid because they do not contain all the other requirements of the statute pertaining to home improvement contracts set forth in subsections (1) through (8), inclusively. The defendant has cited no authority for this claim, an, in any event, although paragraph 5 of the stipulation for arbitration states that "the court shall have full discretion to review all issues of law," there was an unrestricted submission to arbitration and an agreement that General Statutes 52-418 would control the disposition of motions to confirm or vacate an award. This means that the parties agreed to be bound by the statutes and the case law pertaining thereto, as summarized in General Accident Insurance Company, supra. The court's role is confined to determining whether the award conforms to the submission, which it does, and whether the award violates General Statutes 52-418, which it does not. In addition, the defendant's motion for summary judgment is denied because it improperly seeks to vacate the arbitrator's award to the plaintiff, in violation of the narrow exceptions specified in General Accident Insurance Company, supra, none of which were CT Page 3318 invoked by defendant.
Accordingly, the arbitrator's awards of $84,792 to plaintiff, and of $152,126 to defendant, without interest or costs, are confirmed. The difference of $67,334 is now due the defendant. The mechanic's lien filed by plaintiff on March 1, 1990 is hereby ordered released.
So Ordered.
Dated at Stamford, Connecticut, this 1st day of March, 1994.
William B. Lewis, Judge