[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO REARGUE
On May 10, 1995, the plaintiffs, Grace and Carla Somohano, filed a one count complaint seeking to vacate an arbitration award rendered in favor of the defendant, Nationwide Mutual Insurance Company. The plaintiffs allege, in their complaint, that they entered into arbitration with the defendant under the terms of an insurance policy between the parties, and that the arbitrators issued an award on April 5, 1995. The plaintiffs further allege that the award should be vacated in that it is not in accordance with the applicable law, the arbitrators exceeded their authority, and the arbitrators executed their powers so imperfectly that a mutual and final award on the submitted subject matter was not made. The defendant filed a memorandum in opposition to the plaintiffs' motion to vacate, and in support of its motion to confirm the arbitration award dated May 31, 1996.
This court granted the plaintiffs' motion for a hearing de novo on the arbitration award on September 18, 1996. The defendant moved for an articulation of this order, which was granted by the court. On September 23, 1996, the defendant also moved to reargue its motion to confirm the arbitration award, which was granted by this court on December 4, 1996.
The defendant seeks to reargue its motion to confirm the arbitration award on the ground that the court applied an incorrect standard of review for a voluntary arbitration award. The plaintiffs assert that with regard to issues of coverage, arbitration is compulsory and the court should undertake a de novo review. CT Page 3070
"Unless statutorily mandated . . . arbitration is a creature of contract. . . . Because we favor arbitration as a means of settling private disputes, we undertake judicial review of arbitration awards in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolution." (Citations omitted; internal quotations marks omitted.) White v. Kampner, 229 Conn. 465, 471, 641 A.2d 1381
(1994). "The voluntary or compulsory nature of the arbitration determines the scope of judicial review. . . . [V]oluntary arbitration and compulsory arbitration are fundamentally different if only because one may, under our system, consent to almost any restriction upon or deprivation of right, but similar restrictions or deprivations, if compelled by government, must accord with procedural and substantive due process. . . . To insulate statutorily mandated arbitration awards from judicial review for errors of law creates the anomaly that, without the consent of the parties, arbitrators are empowered to disregard the law in deciding issues affecting substantial rights. . . . The case is different where the parties voluntarily bargained for the decision of the arbitrator and, as such, the parties are presumed to have assumed the risks of and waived objections to that decision. . . . In short, de novo judicial review is appropriate where arbitration is compulsory. . . . Conversely, when arbitration is consensual, rather than statutorily imposed, judicial review is limited in scope. . . . If the parties mutually agree to submit their dispute to arbitration, the resulting award is not reviewable for errors of law or fact. . . . Judicial review of unrestricted submissions is limited to a comparison between the submission and the award to see whether, in accordance with the powers conferred upon the arbitrators, their award conforms to the submission. . . ." (Citations omitted; internal quotation marks omitted.) GeneralAccident Ins. Co. v. McGee, 33 Conn. App. 626, 629-630,637 A.2d 792, cert. denied, 229 Conn. 909, 642 A.2d 1205 (1994), citingBodner v. United Services Automobile Association, 222 Conn. 480,610 A.2d 1212 (1992). "Where the parties have voluntarily and contractually agreed to submit to arbitration and have delineated the powers of the arbitrator through their submission, then the scope of judicial review of the award is limited by the terms of the parties' agreement and by the provisions of General Statutes § 52-418." American Universal Ins. Co. v. DelGreco,205 Conn. 178, 185, 530 A.2d 171 (1987). "It is clear that a party cannot object to an award which accomplishes precisely what the arbitrators were authorized to do merely because that party dislikes the result." Id., 187. CT Page 3071
"DelGreco relied upon a provision of § 38-175c [now38a-336c] that states: `Every [automobile liability insurance policy] . . . which contains a provision for binding arbitration shall include a provision for final determination of insurance coverage in such arbitration proceeding.' This provision, we have held, makes arbitration of insurance coverage issues compulsory."Bodner v. United Services Automobile Association, supra,222 Conn. 488. "[A] coverage issue is one that is governed wholly by the policy language . . . or involves the interpretation of both statutory and policy language . . . or otherwise implicates the scope of coverage afforded by the terms of the policy." (Citations omitted.) Wynn v. Metropolitan Property CasualtyIns. Co., 30 Conn. App. 803, 806, 635 A.2d 814, aff'd,228 Conn. 436, 635 A.2d 814 (1993).
The terms of the policy between the plaintiffs and the defendant state, in regard to arbitration, that "[i]f we and the insured do not agree about the insured's right to recover damages or the amount of damages, and the insured elects to arbitrate, the following arbitration procedure will be used. . . . We and the insured agree to be bound by the award determined through arbitration. Judgment upon award may be entered in any court having jurisdiction over it." The award of the arbitrators states, in pertinent part, that "[a]fter hearing the evidence and reviewing the documents and Briefs a majority of the Arbitrators find all issues in favor of the Respondent and that the Applicant is not entitled to any uninsured motorist coverage for the instant subject matter." (Emphasis added.) The award of the arbitrators relates exclusively to coverage under the policy of insurance. Therefore, the issue is one of coverage, the arbitration was compulsory and, accordingly, requires the court to review de novo the arbitrators' award.
Grogins, J.