[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, the Housing Authority of the City of Stamford (Housing Authority), has moved pursuant to General Statutes §§52-418 (a) and 52-419 (a) to vacate and/or modify an arbitration award rendered by the Connecticut Board of Arbitration and Mediation (Board) in favor of Edith Cabello, a former employee. The defendant, AFSCME, Council 4, Local 1303-260 (AFSCME), is a union representing the plaintiff's employees, including Ms. Cabello.
Ms. Cabello's position as a Clerk Typist I was abolished because of a lack of finding, and she thereafter applied for two other positions with the plaintiff Housing Authority, one as a Clerk Typist II and the other as a Work Order Dispatcher. She was interviewed for these positions but the Housing Authority filled both positions with other applicants on the basis that they were more qualified. Ms. Cabello then filed a grievance pursuant to a collective bargaining agreement between the plaintiff and AFSCME. Her grievance, which alleged seniority and discrimination, was not resolved at the municipal level and thereafter was submitted to the Board pursuant to the agreement. Prior to the hearing of this grievance by the Board, the defendant withdrew that part of the grievance that pertained to the position of Clerk Typist II, leaving for resolution by the Board only the claim relating to the position of Work Order Dispatcher.
Accordingly, the submission as framed by the Board itself was whether the "Stamford Housing Authority violated the Collective Bargaining Agreement when it failed to promote Edith Cabello to the position of Work Order Clerk? If so, what shall the remedy be?" The Board held an arbitration hearing and on May 13, 1997 rendered its decision that the plaintiff had not "discriminated" against Cabello with respect to the position of Work Order Dispatcher, or Clerk as the Board referred to the position. The Board went on to rule, however, that the plaintiff deprived Cabello of certain rights she had with respect to the Clerk Typist II position, and ordered that she be offered that or a comparable position, with back pay and benefits based on the Clerk Typist II position.
At this point, both the plaintiff and the defendant agreed that the Board's award was outside the scope of the submission as CT Page 3874 framed by the Board itself which related only to the position of Work Order Clerk. Moreover, neither party presented evidence to the Board or briefed the issues regarding the Clerk Typist II position. As the defendant put it, "if the Court vacates the award it will be because . . . the Court has found that the arbitrators failed to render an award within the scope of the submission."
However, the plaintiff and the defendant part company at this point, as the plaintiff seeks a correction of the award to vacate the portion thereof that refers to the position of Clerk Typist II and the remedy relating thereto. The defendant, on the other hand, wants the; case remanded to the Board, and made an application (# 103) on July 16, 1997 to that effect ("the Union moves to have the award remanded to arbitration for a rehearing"). The plaintiff then moved (# 106) to dismiss the defendant's application pursuant to General Statutes § 52-420
on the ground that it was not filed within 30 days of the notice of the Board's decision dated May 13, 1997. The issue of the timeliness of the defendant's application for a remand has not been analyzed in view of this court's decision not to remand the case to the Board.
In ruling on a motion to confirm or vacate an arbitration award pursuant to General Statutes 52-418, certain well known principles must be considered. As the Appellate Court said inTotal Property Services of New England, Inc. v. Q.S.C.F., Inc.30 Conn. App. 580, 585-86, 621 A.2d 316 (1993), arbitration is the "voluntary submission . . . of an existing or future dispute to a disinterested person or persons for final determination . . ." and therefore "[t]he autonomy of voluntary submission to arbitration requires a minimum of judicial intrusion." The submission to arbitration in this case was voluntary and hence judicial review "is limited to a comparison between the submission and the award to see whether, in accordance with the powers conferred upon the arbitrators, this award conforms to the submission." General Accident Insurance Co. v. McGee,33 Conn. App. 626, 630, 637 A.2d 792 (1994), quoting Bodner v. UnitedService Automobile Assn., 222 Conn. 480, 486-87, 610 A.2d 1212
(1992). "Where the award does not conform to the submission, the arbitrator has exceeded his authority and the court may vacate the award upon proper application by either party." Board ofEducation v. Bridgeport Education Association, 173 Conn. 287,291, 377 A.2d 323 (1977). CT Page 3875
The court agrees with the plaintiff that the portion of the Board's decision that was within the scope of the submission should be accepted, and that the portion relating to the position of Clerk Typist II, which was outside the scope thereof, should be vacated. Therefore, the Board's ruling rejecting the grievance relating to the position of Work Order Clerk/Dispatcher is affirmed, but the remedy or award, which both the plaintiff and the defendant agree was outside the scope of the submission, is therefore vacated. General Statutes § 52-418 (a)(4).
LEWIS, J.