[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In the preamble to the collective bargaining agreement between the plaintiff, the Norwalk Board of Education (Board), and the defendant, AFSCME, Council 4, Local 1042, AFL-CIO CT Page 3911 (AFSCME), these words appear: "The [plaintiff] and [defendant] hereby agree that the welfare of the children of Norwalk is paramount to the operation of the schools and hereby diligently promoted by both parties and that the good morale of the school staff is necessary to the greatest welfare of the children." This same agreement, under the heading "A Few Don'ts For The Custodians," contains this admonition: "DO NOT FORGET THAT YOU ARE AN EXAMPLE THAT HUNDREDS OF YOUNG PEOPLE WILL FOLLOW."
Despite these words, the defendant presented a grievance of behalf of a school custodian working for the plaintiff whose employment was terminated after he was convicted of a violation of General Statutes § 21a-279 (a), a felony, which prohibits the possession of drugs such as cocaine within 1500 feet of a school.
Despite these words, the Connecticut State Board of Mediation and Arbitration (CSBMA) reversed the action of the plaintiff in firing its employee, Earl Frierson, and ordered him reinstated.
The plaintiff has moved pursuant to General Statutes §52-418 (a)(4) to vacate the award reinstating Frierson. The defendant AFSCME is a union representing the plaintiff's employees, including Frierson, a custodian.
The facts as determined from oral argument, the briefs and the file are as follows. Frierson worked for the plaintiff for approximately 13 years and had a good work history and no criminal record. On October 25, 1996, Frierson was arrested by the Norwalk Police for possessing cocaine within, 1500 feet of a school. The plaintiff terminated Frierson's employment on January 3, 1997, on the basis that, because he admitted that he had a drug problem and was arrested close to a school just before he went to work he used and was under the influence of drugs while at work on school property. Frierson subsequently pleaded guilty of violating General Statutes § 21a-279 (a), a felony. On January 25, 1997, he was sentenced to five years in prison, which were suspended, three years probation, a fine of $1,000 in the form of a voluntary contribution to a charity, and 100 hours of community service. Frierson also underwent substance abuse counseling.
Frierson (hereinafter the grievant) then filed a grievance pursuant to the collective bargaining agreement between the plaintiff and AFSCME. His grievance was not resolved at the CT Page 3912 municipal level and thereafter was submitted to CSBMA pursuant to the agreement. The submission as framed by the CSBMA itself was "Whether the Grievant, Earl Frierson, was terminated for just cause, and if so, what shall the remedy be?" The Board held an arbitration hearing and on September 11, 1997 rendered its decision that "While being mindful of the seriousness of Grievant's misconduct, the panel cannot conclude that termination was the appropriate punishment in this case and accordingly Grievant should be reinstated. However, the panel finds that no back pay be awarded. Moreover, it is the panel's unanimous opinion that any further drug involvement by Grievant in the future shall be the basis of immediate termination."
In ruling on a motion to confirm or vacate an arbitration award pursuant to General Statutes 52-418, certain well known principles apply. As the Appellate Court said in Total PropertyServices of New England, Inc. v. Q.S.C.F., Inc.30 Conn. App. 580, 585-86, 621 A.2d 316 (1993), arbitration is the "voluntary submission . . . of an existing or future dispute to a disinterested person or persons for final determination . . ." and therefore "[t]he autonomy of voluntary submission to arbitration requires a minimum of judicial intrusion." Id. The submission to arbitration in this case was voluntary and hence judicial review "is limited to a comparison between the submission and the award to see whether, in accordance with the powers conferred upon the arbitrators, their award conforms to the submission." General Accident Insurance Co. v. McGee,33 Conn. App. 626, 630, 637 A.2d 792 (1994), quoting Bodner v.United Service Automobile Assn., 222 Conn. 480, 486-87,610 A.2d 1212 (1992).
The plaintiff seeks to avail itself of an exception to the discretion of arbitrators to decide all issues within the scope of the submission where an award violates "public policy."Watertown Police Union Local 541 v. Watertown, 210 Conn. 333,339, 555 A.2d 406 (1989). The defendant agreed that there is such an exception. ("The Defendant does not contest this Court's jurisdiction to vacate an Arbitration Award where such an award violates public policy"). The public policy evoked by the plaintiff involves a drug free work place. The plaintiff cites two federal statutes and two state statutes as demonstrating a policy of providing a drug free work environment, protecting schools and their pupils against drugs, and providing appropriate role models for students. The plaintiff refers to 41 U.S.C. § 701, the "Drug Free Workplace Act"; 20 U.S.C. § 7101, the CT Page 3913 "Drug Free Schools and Communities Act; the Connecticut criminal statute regarding possession of drugs within 1500 feet of a school, under which the grievant was convicted; and General Statutes § 10-19 which requires the teaching of the dangers of drugs.
For the "public policy" exception to apply, the policy and the violation thereof must be clear and unambiguous. "The public policy exception applies only when the award is clearly illegal or clearly [violates] a strong public policy." Watertown PoliceUnion Local 541 v. Watertown, supra, 210 Conn. 339. The plaintiff in this case has a written policy for its employees on the subject of drugs, which is based on the Drug Free Workplace Act. It refers, however, to the possession and use of drugs "on school district property or while on district business off premises." The felony committed by the grievant did not actually take place on school property, although within 1500 feet thereof, and there was no indication that the grievant was on school business at the time of his arrest.
Thus, the present case is distinguishable from Board ofEducation v. Local 566, 43 Conn. App. 499, 683 A.2d 1036 (1996), which involved reinstatement of an employee convicted of fraud and theft to a position where he would be handling public funds. "Reinstatement would literally mean putting an admitted thief in charge of the store." Id., 508. The application of the plaintiff's drug policy, which involves conduct either on-premises or off-premises if the employee is on the plaintiff's business, to the grievant in this case is not so clear and unambiguous as that found in Board of Education v. Local 566, Id.
The arbitrators also determined that the plaintiff failed to prove that the grievant's action impacted on or affected any students, or the plaintiff's operation of the public school system in Norwalk. The arbitrators also stated that the activity in question was a single, isolated incident, that in addition to his criminal sentencing, the grievant had been without pay since January of 1997, and that he is not entitled to any back pay.
The court agrees with the plaintiff that the decision of the AFSCME flies directly in the face of the provisions of the collective bargaining agreement that were quoted previously regarding role models and the welfare of the students. The plaintiff put it very aptly when it stated that permitting the reinstatement of the grievant is contrary to "Norwalk's attempt CT Page 3914 to eradicate drugs from its schools and its zero tolerance policy stance necessary in its battle against the scourge of drugs; Norwalk's students could then intuit from the grievant's reinstatement after arrest and conviction for a drug-and school-related felony that they can go ahead and experiment with drugs, even get arrested and convicted for a drug-related felony and still return to their classes, or to their jobs, with little or no negative impact."
Nevertheless, the plaintiff's motion based on General Statutes § 52-418 (a)(4) to vacate the award is denied because of the case law to the effect that the results of voluntary arbitration should be affirmed by the Superior Court, if the ruling conforms with the submission. Vacating the award in favor of the grievant in this case would contravene the rule that "If the parties mutually agree to submit their dispute to arbitration, the resulting award is not reviewable for errors of law or fact." General Accident Insurance Co. v. McGee, supra,33 Conn. App. 630.
Therefore, the plaintiff's motion to vacate the award is denied.
So Ordered.
Dated at Stamford, Connecticut, this 19th day of March, 1998.
William B. Lewis, Judge