BIC PEN CORPORATION *v.* LOCAL NO. 134, UNITED RUBBER, CORK, LINOLEUM & PLASTIC WORKERS OF AMERICA

BOGDANSKI, PETERS, HEALEY, ARMENTANO and WRIGHT, Js.

Argued February 5—decision released April 21, 1981

*Neil A. Pollio,* of the New York bar, with whom was *Norman E. Hurwitz,* for the appellant (plaintiff).

*Bertram Diamond,* for the appellee (defendant).

ARMENTANO, J. The underlying facts in this case establish the following: In early 1976, the plaintiff, Bic Pen Corporation (the company), reorganized its central toolroom department into three smaller departments: (1) the mold toolroom; (2) R & D toolroom; and (3) factory service toolroom. Article IV (n) of the 1975 collective bargaining agreement between the parties provided that "[a]ll overtime within a department will be distributed equally among the employees in the department qualified to do the work . . . ." The plaintiff devised the reorganization not only to increase efficiency, but also to facilitate the equal allocation of overtime. After the division of the central toolroom department, it attempted to distribute overtime equally among the toolmakers within each new department instead of among them as a whole.

On January 27, 1976, and on February 23, 1976, the defendant filed two grievances dealing with the allocation of responsibilities and overtime among employees within the three specialized departments. The parties resolved these grievances. On January 18, 1977, the defendant grieved the allocation of overtime among employees within the factory service toolroom department. This grievance was withdrawn without prejudice in order for the defendants to submit a replacement grievance. On April 27,

1977, the defendant filed the grievance that led to the present controversy. It read: "Grievance: Overtime Dist. for all toolmakers. Voil [sic] of pg. 14, Parg. N of the contract. Equal dist. of overtime for all toolmakers." The plaintiff denied the allegation at all steps of the grievance procedure thereby forcing arbitration. When the plaintiff and the defendant could not agree on the submission to the arbitrator, they authorized him "to determine the issue from the suggestions that both [parties] have made and from the evidence as a whole."[1] After hearing the evidence, the arbitrator formulated the submission as follows: "Did the Company (Bic) violate Article IV (n) or other relevant provision of the December 1975 collective bargaining agreement in its distribution of overtime to toolmakers after January 5, 1976? If so, what shall be the remedy?"

His decision approved the division of the central toolroom department and the allocation of overtime within the three new departments instead of among all toolmakers as a whole. He also found distribution of overtime within the factory service toolroom department unequal and in violation of Article IV (n) of the collective bargaining agreement. His

---

[1] The defendant framed the question for arbitration: "The question presented by the grievance is whether the Company violated Art. IV (n) or other relevant provisions of the collective bargaining agreement by failing to distribute overtime equally among all toolmakers and, if so, what shall the remedy be?" The arbitrator's perception of the plaintiff's view of the issue is laid out: "(1) Is the question of whether the Company had the right to divide the toolroom into separate departments arbitrable? (2) If so, did the Company violate the collective bargaining agreement by dividing the toolroom into separate departments? [3] If not, did the Company violate Article IV (n) or other relevant provisions of the agreement in its distribution of overtime to toolmakers after the toolroom was divided into separte departments?"

award[2] directed the plaintiff to compensate the toolmakers in the factory service toolroom who had been victims of the inequality of the overtime allotments.

The plaintiff applied to the Superior Court for an order to vacate or to correct the award of back pay to the affected toolmakers. See General Statutes §§ 52-418 (d)[3] and 52-419 (b).[4] The defendant responded with a counterapplication in which it sought a confirmation of the arbitrator's award. See General Statutes § 52-417.[5] After a hearing, the court denied the plaintiff's application to vacate or to correct the award and granted the defendant's counterapplication for its confirmation. It held "that the award was within the terms of the sub-

---

[2] The actual award provided: "The Company violated Article IV (n) of the December 1975 collective bargaining agreement in its distribution of overtime to certain toolmakers after January 5, 1976.

The Company is directed to pay those toolmakers in Department 04 (Factory Service Toolroom) for the years 1976 and 1977, the amount of overtime hours needed to bring them up to 520.6 overtime hours for 1976, and up to 445.5 overtime hours for 1977."

[3] General Statutes § 52-418 (d) provides: "VACATING AWARD. In any of the following cases the superior court . . . shall make an order vacating the award upon the application of any party to the arbitration: . . . (d) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made. . . ."

[4] General Statutes § 52-419 (b): "CORRECTION OF AWARD. For any of the following causes the superior court . . . shall make an order modifying or correcting the award upon the application of any party to the arbitration: . . . (b) if the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted . . . ."

[5] General Statutes § 52-417 provides: "APPLICATION FOR ORDER CONFIRMING AWARD. At any time within one year after an award has been rendered and the parties to the arbitration notified thereof, any party to the arbitration may make application to the superior court . . . for an order confirming the award. The court or judge shall grant such order unless the award is vacated, modified or corrected as prescribed in sections 52-418 and 52-419."

missions which both parties allowed the Arbitrator to perceive." From that decision, the plaintiff has appealed only from the award of back compensation to the toolmakers assigned to the factory service toolroom department.

On appeal, the plaintiff does not claim that the parties improperly authorized the arbitrator to frame the submission or that the arbitrator improperly exercised his authority when he articulated the issue. Rather, its three assignments of error are directed to the issue of whether the arbitrator exceeded his authority when he awarded back compensation. The company challenges the arbitrator's authority to make the award because (1) the award determined claims previously grieved and subsequently abandoned; (2) the arbitrator's interpretation of the contract resulted in relief the defendant was unable to obtain at the bargaining table; and (3) the award determined claims which were barred under the collective bargaining agreement. These three grounds do not provide a proper foundation to support the plaintiff's challenge of the arbitrator's authority. The scope of review by the court of an arbitrator's power to make an award is limited.

Arbitration is a creature of contract between the parties and its autonomy requires a minimum of judicial intrusion. *Waterbury Board of Education* v. *Waterbury Teachers Assn.*, 168 Conn. 54, 64, 357 A.2d 466 (1975). The parties themselves, by the agreement of the submission, define the powers of the arbitrator. *Norwich Roman Catholic Diocesan Corporation* v. *Southern New England Contracting Co.*, 164 Conn. 472, 476–77, 325 A.2d 274 (1973). The submission constitutes the charter of the entire

arbitration proceedings and defines and limits the issues to be decided. *Board of Trustees for State Technical Colleges* v. *Local 1942,* 179 Conn. 184, 193, 425 A.2d 1247 (1979). When the parties have agreed to a procedure and have delineated the authority of the arbitrator, they must be bound by those limits. *Waterbury Board of Education* v. *Waterbury Teachers Assn.,* supra, 62. An application to vacate or correct an award should be granted where an arbitrator has exceeded his power. In deciding whether an arbitrator has exceeded his power, we need only examine the submission and the award to determine whether the award conforms to the submission. *New Britain* v. *Connecticut State Board of Mediation & Arbitration,* 178 Conn. 557, 562, 424 A.2d 263 (1979); *Board of Education* v. *Bridgeport Education Assn.,* 173 Conn. 287, 291, 377 A.2d 323 (1977).

A challenge of the arbitrator's authority is limited to a comparison of the award to the submission. The arbitrator's authority is not measured or limited by previous grievances, prior discussions between the parties, or contract interpretation or language. "Where the submission does not otherwise state, the arbitrators are empowered to decide factual and legal questions and an award cannot be vacated on the grounds that the constuction placed upon the facts or the interpretation of the agreement by the arbitrators was erroneous. Courts will not review the evidence nor, where the submission is unrestricted, will they review the arbitrators' decision of the legal questions involved. *Meyers* v. *Lakeridge Development Co.,* 173 Conn. 133, 135, 376 A.2d 1105 [1977]." *Waterbury* v. *Waterbury Police Union,* 176 Conn. 401, 404, 407 A.2d 1013 (1979). Since neither the submission formulated by the arbitrator, nor the

issues suggested by the parties, contained conditional language, the submission at issue is unrestrictive. See *Bridgeport* v. *Bridgeport Police Local 1159, AFSCME,* 183 Conn. 102, 107, 438 A.2d 1171 (1981); *Chase Brass & Copper Co.* v. *Chase Brass & Copper Workers Union,* 139 Conn. 591, 96 A.2d 209 (1953); *Liggett* v. *Torrington Building Co.,* 114 Conn. 425, 431–32, 158 A. 917 (1932). The arbitrator is only required to render an award in conformity to the submission and an award need not contain an explanation of the means by which he reached the award. *Malecki* v. *Burnham,* 181 Conn. 211, 213, 435 A.2d 13 (1980).

Every reasonable presumption and intendment will be made in favor of the award and of the arbitrator's acts and proceedings. Hence, the burden rests on the party challenging the award to produce evidence sufficient to show that it does not conform to the submission. *Ramos Iron Works, Inc.* v. *Franklin Construction Co.,* 174 Conn. 583, 590, 392 A.2d 461 (1978). Here the award was clearly within the terms of the submission formulated by the arbitrator, as well as within the parameters defined by the parties' suggestions of the issue.

There is no error in the court's denial of the plaintiff's application to vacate or correct the arbitrator's award or in the granting of the defendant's counter-application for confirmation of the award.

In this opinion the other judges concurred.