[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM
In this action, the petitioner seeks to have an arbitrator's award vacated.
The parties had entered into a partnership agreement to operate a retail establishment. The enterprise was not successful. The agreement provided for two alternative methods of terminating the partnership. Paragraph 10 provided:
 Voluntary Dissolution of Partnership. The partners may agree to dissolve the partnership at any time. Should the partners so agree, they will liquidate the partnership in an orderly fasion (sic). The proceeds derived from the sale of the partnership's property, including its name and goodwill shall be applied in the following order:
 (a) Discharge all partnership liabilities and pay the cost of liquidation;
(b) Distribution to the partners.
Paragraph 12 provided:
 Buyout of Partner's Share. In the event that either partner should die, or become permanently disabled so as to be unable to discharge the obligations imposed by this agreement, or decide to leave the business, the remaining partner shall have the right and the obligation to buy out the share of the departing partner at the price determined by the partners in the following manner:
 (a) At the time of the execution of this agreement, the partners have agreed that the value of each partner's interest is $15,000;
 (b) At least annually the partners agree to review this figure and to revise it upwards or downwards as they shall deem proper at that time. If the partners are unable to agree between CT Page 3484 themselves on a revision to the then existing price, the then — existing price shall continue.
 (c) All such changes shall be reflected by a written agreement which shall become a part of this agreement.
 (d) The purchase price as determined above shall be paid in cash within one hundred twenty (120) days after the departing partner leaves the business.
Apparently because the business was languishing, there came a time when someone or both of them decided to close up shop. They were unable to agree upon terms of dissolution. Paragraph 11 of the agreement provided that "[a]ny controversy concerning this contract shall be settled by arbitration according to the rules of the American Arbitration Association . . ." The respondent invoked this provision. The submission reads:
 Nature of Dispute: Dissolution of partnership business and Partnership Agreement known as "Special Delivery" Claim or Relief Sought. Dissolution of partnership and division of net assets, currently estimated at $26,000 Inventory $5,000 fixtures in store. Claimant claims one-half of $31,000 or $15,500.
The petitioner submitted to the arbitration. An arbitrator was designated, he held hearings and made the following award: "On the claim of Felice Berluti against Elaine C. Merrill I award the following:
The partnership is dissolved as of July 27, 1987 pursuant to Article 10 of the partnership agreement.
Felice Berluti shall pay to Elaine C. Merrill the sum of $15,000.00 (fifteen thousand dollars) pursuant to Article 12 of the partnership agreement as follows:
$10,000.00 (ten thousand dollars) in inventory and fixtures remaining on premises of "Special Delivery" as of date of Hearing
$5000.00 (five thousand dollars) cash
Any current or continuing debts or liabilities of the partnership shall be borne equally among its former partners. CT Page 3485
Each former partner shall cooperate fully in the preparation and filing of a partnership Income Tax Return for 1987.
Each former partner shall execute and deliver to the other a General Release of all claims arising from the partnership agreement, including, but not limited to any and all liability with respect to promissory notes executed in favor of the other.
Costs of arbitration shall be borne equally."
The function of a court in determining a petition to vacate an arbitration award is extremely limited. The controlling statute is Connecticut General Statutes Section 52-418 which in pertinent part provides:
Section 52-418 (a). Upon the application of any party to an arbitration the superior court . . . shall make an order vacating the award if it finds any of the following defects: . . . (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.
There is a plentitude of case law defining the limitations on the function of the court in situations such as this and no purpose would be served by citing more than one of them.
"A challenge of the arbitrator's authority is limited to a comparison of the award to the submission . . . .' Where the submission does not otherwise state, the arbitrators are empowered to decide factual and legal questions and an award cannot be vacated on the grounds that the construction placed upon the facts or the interpretation of the agreement by the arbitrators was erroneous. Courts will not review the evidence nor, where the submission is unrestricted, will they review the arbitrators' decision of the legal questions involved."' Bic Pen Corp. v. Local No. 134,183 Conn. 579, 584.
It is clear that the submission was unrestricted and that the award clearly is encompassed by it. The petitioner in her brief makes detailed references to facts claimed to have been proven before the arbitrator but not only do I have no means of evaluating those claims, but even if I did, it would be beyond my power to do so. Also, she claims that the arbitrator misinterpreted the contract provisions. I happen to disagree with her but even if I didn't, there would be nothing I could do about it as the submission was unrestricted.
The prayer to vacate the award and for other relief is denied. CT Page 3486
J. HEALEY, STATE TRIAL REFEREE