[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Each of the above matters relate to an arbitration award which determined the rights of the parties regarding their interest in real estate and in a business relationship. On or about April 21, 1989, the parties submitted to arbitration the matters in controversy, and on April 26, 1990, an award was rendered by the arbitrators. A rehearing was held on the dispute April 16, 1991 because the award was vacated and a second award of the arbitrators was issued on April 16, 1991. John Ancheff has now moved to confirm the award, and Raymond Bedard has filed an application to vacate and modify the arbitration award.
The application to vacate filed by Raymond Bedard alleged the award is incorrect in view of the evidence and facts adduced at the hearing, and he refers to the evidence or lack of evidence which resulted in the conclusions reached by the panel. However, this court does not have a transcript of the evidence to determine the merits of these claims.
Section 52-418 of the Connecticut General Statutes sets forth the four defects which would be a basis to vacate an award, and the application does not allege any of the specific grounds alleged in the statute. The only defect that might apply to the claims of Raymond Bedard might fall with Section 52-418 (a)(4) which states "if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made." In the absence of a transcript of the evidence, this court is unable to determine whether the conclusions of fact reached by the panel were proper.
The application filed by Raymond Bedard also fails to either allege or to prove any of the defects under Section 52-419 of the Connecticut General Statutes which would permit the court to modify or correct the award.
Consensual arbitration, as an alternative means of settling disputes and avoiding the "`formalities, delay, expense and vexation of ordinary litigation'"; Diamond Fertiliser Chemical Corporation v. Commodities Trading International Corporation,211 Conn. 541, 546, 560 A.2d 419 (1989); has frequently been endorsed as a "`favored means of settling differences'"; Watertown Police Union Local 541 v. Watertown, 210 Conn. 333, 338, 555 A.2d 406
(1989); Board of Education v. AFSCME, 195 Conn. 266, 270,487 A.2d 553 (1985); and is afforded a great deal of autonomy. The scope of judicial review is limited, in cases where the arbitrator's authority is challenged, to a comparison of the award to the submission and a determination of whether the award conforms to the submission. Watertown Police Union Local 541 v. Watertown, CT Page 8436 supra, 338-39; Stratford v. Local 134, IFPTE, 201 Conn. 577, 584,519 A.2d 1 (1986). The court may not review the award for errors of law or fact. Bic Pen Corporation v. Local No. 134, 183 Conn. 579,584, 440 A.2d 774 (1981). Where the parties have consented to arbitration and have framed the issue submitted, we "make every reasonable presumption in favor of the arbitration award and the arbitrator's acts and proceedings." OG/O'Connell Joint Venture v. Chase Family Limited Partnership No. 3, 203 Conn. 133, 145,523 A.2d 1271 (1987). The party challenging an arbitration award, therefore, bears the burden of demonstrating that the award violates the parties agreement. Id., 145-46. On the basis of the record provided in this case, I conclude that Raymond Bedard has not met his burden.
The application to vacate or to modify the award is not supported by a transcript of the proceedings and based on the record this court is unable to find the moving party has met his burden to support the relief requested.
For the forgoing reasons, the application to vacate or modify the award is denied and the arbitration award is confirmed.
ZOARSKI, J.