[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION APPLICATION TO VACATE ARBITRATION AWARD
On January 27, 1995, the plaintiff, the National Association of Government Employees ["Union"], filed an Application to Vacate Arbitration Award. The Union's application alleges the following relevant facts:
The Union and the defendant, the City of Bridgeport ["City"], have been parties to a collective bargaining agreement, which includes a provision for the arbitration of disputes which arise under said agreement. On April 28, 1993, a grievance was filed by the Union, contesting the termination of Vincent Abner, an employee of the City. On July 23, 1993, the parties commenced arbitration regarding this grievance before a three member arbitration panel of the Connecticut Board of Mediation and Arbitration.
At the onset of the hearing, the parties were unable to agree upon the issue and submitted separate submissions of the issue to CT Page 1633-H the arbitrators. The issue submitted by the Union provided:
 Whether the City violated the Collective Bargaining Agreement with the Union by terminating the grievant without just cause and due process. If so, what shall the remedy be?;
while the issue submitted by the City provided:
 Was the April 28, 1993 termination of Mr. Vincent Abner for just cause? If not, what shall the remedy be?
After these differing issues were submitted by the parties, further hearings were conducted and, on some date prior to December 6, 1994, the arbitration panel issued its award. At no time prior to December 6, 1994 was the plaintiff notified of the arbitration panel's fashioning of the issue.
The Union alleges that the award should be vacated pursuant to General Statutes § 52-418(a)(4), on the grounds that the arbitration panel exceeded its authority in creating its own CT Page 1633-I statement of the issue for the case without agreement of the parties and/or without notice to the parties of that statement of the issue prior to the issuing of the award.
Courts favor arbitration as a means of settling private disputes. Accordingly, judicial review of arbitration awards is generally undertaken "in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolution." Garrity v. McCaskey, 223 Conn. 1, 4-5, 612 A.2d 742
(1992). "[J]udicial review of arbitration awards is limited in scope because arbitration is a creature of contract and the parties delineate the power of the arbitrator by the terms of the submission." Wilson v. Security Ins. Group, 199 Conn. 618, 627,509 A.2d 467 (1986).
In the present case, the parties were unable to agree on the submission to be given to the arbitration panel. Accordingly, the arbitrators formulated their own submission. Such practice is specifically authorized by Regs., Conn. State Agencies 31-91-35 (b), which reads:
The parties shall present to the panel a carefully worded CT Page 1633-J statement of the issue or issues in dispute between them on which the board is requested to rule. If the parties are unable to agree upon the issue or issues to be decided, the panel shall frame the issues.
(Emphasis added.) See also Town of Hamden v. AFSCME Local 818,
Superior Court, judicial district of New Haven, at New Haven, Docket No. 351491 (February 24, 1994, Martin, J.) (where the parties to an arbitration proceeding are unable to agree on the wording of the submission, the arbitrators may determine the submission to be decided, and draft the submission accordingly). Moreover, the Union has not alleged that it filed objections or responses to the submission presented by the City to the arbitration panel; therefore, the City's submission "was before the arbitrator[s] unqualified." See Wolf v. Gould, 10 Conn. App. 292,297, 522 A.2d 1240 (1987) (noting that "if one party is unhappy with the initial claim, it can file responses to the submission").
The type of judicial review to be given to the arbitration award currently before the court depends upon whether the submission decided by the arbitrators below was "restricted" or CT Page 1633-K "unrestricted." "Where the parties have voluntarily and contractually agreed to submit to arbitration and have delineated the powers of the arbitrator through their submission, then the scope of judicial review of the award is limited by the terms of the parties' agreement and by the provisions of General Statutes § 52-418." American Universal Ins. Co. v. DelGreco, 205 Conn. 178,185, 530 A.2d 171 (1987). "The authority of an arbitrator to adjudicate the controversy is limited only if the agreement contains express language restricting the breadth of issues, reserving explicit rights, or conditioning the award on court review. In the absence of any such qualifications, an agreement is unrestricted." Garrity v. McCaskey, supra, 223 Conn. 5.
 Under an unrestricted submission, the arbitrators' decision is considered final and binding; thus the courts will not review the evidence considered by the arbitrators nor will they review the award for errors of law or fact. Such a limited scope of judicial review is warranted given the fact that the parties voluntarily bargained for the decision of the arbitrator and, as such, the parties are presumed to have assumed the risks CT Page 1633-L of and waived objections to that decision.
(Citations omitted.) American Universal Ins. Co. v. DelGreco,
supra, 205 Conn. 186-87. In the present case, the submission formulated by the arbitration panel was clearly unrestricted.
Even in the case of an unrestricted submission, however, courts have "recognized three grounds for vacating an award: (1) the award rules on the constitutionality of a statute; (2) the award violates clear public policy; or (3) the award contravenes one or more of the statutory proscriptions of § 52-418." (Citations omitted.) Garrity v McCaskey, supra, 223 Conn. 6. In the present case, the plaintiff maintains that the award should be vacated because the three-member arbitration panel exceeded its powers, in violation of General Statutes § 52-418(a)(4).
"In deciding whether the arbitrators have exceeded their powers under § 52-418(a)(4), [the courts] compare the award with the submission to determine if the award and the submission conform." International Assn., Fire Fighters v. Waterbury,35 Conn. App. 775, 779, ___ A.2d ___ (1994). See also Bic Pen Corp.CT Page 1633-Mv. Local No. 134, 183 Conn. 579, 584, 440 A.2d 774 (1981) ("we need only examine the submission and the award to determine whether the award conforms to the submission"). "The burden of demonstrating the nonconformity of the award to the submission is on the party seeking to vacate the award." Board of Education v. HartfordFederation of School Secretaries, 26 Conn. App. 351, 353-54,600 A.2d 1053 (1992).
 In deciding whether the arbitrators have exceeded their powers . . . [t]he memorandum of the arbitrator[s] is irrelevant. The memorandum of decision may, however, be examined to determine if an arbitrator has exceeded his or her authority by making an award beyond the scope of the submission.
(Citations omitted; internal quotation marks omitted.)Metropolitan District Comm. v. AFSCME Council 4 Local 3713,35 Conn. App. 804, 809, ___ A.2d ___ (1994). Additionally, "an award need not contain an explanation of the means by which [the arbitrator] reached the award." Bic Pen Corp. v. Local No. 134,
supra, 183 Conn. 585. CT Page 1633-N
In the present case, the submission formulated by the arbitration panel asked:
 Did the City of Bridgeport terminate the grievant, Vincent Abner, on April 28, 1993, for just cause? If not, what shall the remedy be?
while the award entered by the panel provided:
 The City of Bridgeport terminated the grievant, Vincent Abner, on April 28, 1993, for just cause.
The court finds that the award issued by the arbitration panel conformed to the submission. Accordingly, the Union's Application to Vacate Arbitration Award is hereby denied.
STANLEY, J.
Judgment enters in accordance with the foregoing Memorandum of Decision CT Page 1633-O
Jonathan W. Field