STATE OF CONNECTICUT *v.* STATE VOCATIONAL
FEDERATION OF TEACHERS, LOCAL
4200A, AFT, AFL-CIO
(AC 25507)

Bishop, DiPentima and Gruendel, Js.

Argued February 7—officially released May 3, 2005

*Thomas P. Clifford III*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *William J. McCullough*, assistant attorney general, for the appellant (plaintiff).

*James C. Ferguson*, for the appellee (defendant).

*Opinion*

DiPENTIMA, J. In this appeal, the plaintiff, the state of Connecticut, contends that the trial court abused its discretion in denying the plaintiff's motion to open and to correct the judgment confirming an arbitration award. We agree and therefore reverse the judgment of the trial court and remand the case for further proceedings.

The relevant facts are as follows. The plaintiff and the defendant, the State Vocational Federation of Teachers, Local 4200A, AFT, AFL-CIO, entered into a collective bargaining agreement (agreement) from August 27, 1999, to August 28, 2003, with respect to wages, hours and conditions of employment. Pursuant to that agreement, the parties submitted a controversy to arbitration on January 9, 2003, regarding the issuance of a job description for the position of athletic coordinator. Following two days of hearings and the submission of posthearing briefs, the arbitrator issued his award. It stated: "The grievances are sustained. The [plaintiff] shall forthwith cease requiring athletic coordinators to attend all home games and shall enter into negotiations to assess and address the impact of the change in the job descriptions subject of this arbitration. Pending article thirty-one, § 2 negotiations, the [plaintiff] shall reinstate

the practice of paying coordinators for duties performed in the various ancillary personnel payment schedule. The [plaintiff] shall pay at the contractual rate all coordinators who are able to document attendance and performance as such ancillary personnel from June 5, 2002, to the date hereof."

On September 29, 2003, the plaintiff filed an application to vacate the arbitration award. In response, the defendant filed both an answer and a motion to confirm the arbitration award. By memorandum of decision filed February 27, 2004, the court denied the plaintiff's application to vacate the arbitration award and granted the defendant's motion to confirm the arbitration award. Thereafter, the plaintiff filed a motion to reargue or to reconsider, which was denied.[1] On April 22, 2004, the plaintiff filed a motion to open and to correct the February 27, 2004 judgment. The motion sought to delete the reference made in the memorandum of decision to appendix D of the agreement. The motion was denied, and this appeal followed.

"A motion to open . . . is addressed to the [trial] court's discretion, and the action of the trial court will not be disturbed on appeal unless it acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably conclude as it did." (Citations omitted; internal quotation marks omitted.) *Walton* v. *New Hartford*, 223 Conn. 155, 169–70, 612 A.2d 1153 (1992).

We begin by noting that the present case involves an unrestricted submission. "Where the submission does not otherwise state, the arbitrators are empowered to

---

[1] The plaintiff has not appealed from the denials of its application to vacate and its motion to reargue or to reconsider.

decide factual and legal questions . . . . Courts will not review the evidence nor, where the submission is unrestricted, will they review the arbitrators' decision of the legal questions involved." (Internal quotation marks omitted.) *BIC Pen Corp.* v. *Local No. 134*, 183 Conn. 579, 584, 440 A.2d 774 (1981). The arbitration award provided in relevant part that "the [plaintiff] shall reinstate the practice of paying coordinators for duties performed in the various ancillary personnel payment schedule." In confirming the award, however, the court concluded that athletic coordinators were to be paid according to "appendix D [of the agreement], which, for the year 2002-2003, is $22.50 per hour."

Appendix D is not explicitly referenced in the arbitrator's award. Because it is an express provision of the agreement, there is little doubt that the arbitrator could have specifically referenced it had he so intended. Further, there is no basis for inferring an implicit reference to that provision. The arbitrator's decision begins with a discussion of the prior payment practice, in which the athletic coordinator was paid "a stipend attributable to a supplemental position, typically that of security or timer. . . . [Athletic coordinators] would appear at athletic contests in both their supervisory capacities and as security or other *'ancillary' personnel.*" (Emphasis added.) The arbitration award itself orders the reinstatement of "the practice of paying coordinators for duties performed in the various *ancillary personnel* payment schedule." (Emphasis added.) Our reading of the arbitrator's reference *to* the ancillary personnel payment schedule in the arbitration award is informed by his prior observation concerning the prior payment practice and reinforces our conclusion that he was not referencing appendix D in his award.[2]

---

[2] We note also that in his decision, the arbitrator explicitly stated that "[p]rior to the issuance of the job description in issue, it was customary for an athletic coordinator to attend an athletic event and to receive a stipend attributable to a supplemental position, typically that of security or timer. The stipend was most recently around $25." The arbitrator later noted the

In reviewing an unrestricted submission, the court may only examine the submission and the award to determine whether the award conforms to the submission. *Metropolitan District Commission* v. *Local 184*, 77 Conn. App. 832, 838, 825 A.2d 218 (2003). When the court incorporated appendix D into its memorandum of decision, it exceeded its authority. Accordingly, the court abused its discretion in denying the plaintiff's motion to open and to correct the February 27, 2004 judgment.

The judgment is reversed and the case is remanded with direction to grant the plaintiff's motion to open and to correct the judgment by deleting the reference to appendix D.

In this opinion the other judges concurred.

"practice . . . by which [athletic coordinators] would appear at athletic contests in both their supervisory capacities and as security or other 'ancillary' personnel. The latter function would be paid for at $25 per game." The prior payment practice, therefore, was not hourly. Appendix D, however, provides for an hourly rate of pay.