SUMMARY ORDER

Ralph P. Dupont appeals from an order of judgment entered in the United States District Court for the District of Connecticut (Droney, J.), confirming an arbitration award entered in favor of appellee Tobin, Carberry, O’Malley, Riley & Selinger, PC (“Tobin Carberry”). The dispute centers on whether a Termination of Employment Agreement between ' the parties, signed when Dupont left Tobin, Carberry in 1990, entitles the law firm to a share in an award Dupont won in a lawsuit in 2002. We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues on appeal.
We review de novo a district court’s review of an arbitration award. Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp., 103 F.3d 9, 12 (2d Cir.1997). But the scope of that review “is delineated by the scope of the parties’ agreement [to arbitrate].” Alexson v. Foss, 276 Conn. 599, 611, 887 A.2d 872 (2006). When an agreement contains no express language restricting the breadth of issues, reserving explicit rights, or conditioning the award on court review, the agreement is unrestricted. Perkins & Mario, P.C. v. Annunziata, 45 Conn.App. 237, 239-40, 694 A.2d 1388 (1997). ‘When the scope of the submission is unrestricted, the resulting award is not subject to de novo review even for errors of law so long as the award conforms to the submission.” Alexson, 276 Conn, at 611, 887 A.2d 872. An award under an unrestricted submission may be set aside only if (1) it rules on the constitutionality of a statute; (2) it violates a clear public policy; or (3) it contravenes Connecticut General Statutes § 52-418. Harty v. Cantor Fitzgerald & Co., 275 Conn. 72, 81, 881 A.2d 139 (2005).
1. Public Policy. Dupont argues that arbitration award violates Connecticut Rule of Professional Conduct 1.5, which prohibits fee-sharing between lawyers of different firms without client consent and requires written contingency fee agreements. “An arbitrator’s award may be vacated if it violates clear public policy.” MedValUSA Health Programs, Inc. v. MemberWorks, Inc., 273 Conn. 634, 655, 872 A.2d 423 (2005). This rule “is narrowly construed and is limited to situations where the contract as interpreted would violate some explicit public policy that is well defined and dominant, and is to be ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interests.” Id. (internal quotation marks and alterations omitted). “[R]ule 1.5 of the Rules of Professional Conduct does not implicate a legitimate public policy.” Cheverie v. Ashcraft & Gerel, 65 Conn.App. 425, 434, 783 A.2d 474 (2001). None of the cases cited by Dupont considers whether Rule 1.5 (or any subsection thereof) states a well-defined and dominant public policy. See Law Offices of Norman J. Voog, LLC v. *68 Heinecke, 2009 WL 455556 (Conn.Super.2009); Statewide Grievance Comm. v. Dixon, 62 Conn.App. 507, 772 A.2d 160 (2001); Pinney, Payne, Van Lenten, Burrell, Wolfe & Dilamn, P.C. v. Heering, 2000 WL 1475548 (Conn.Super.2000).
2. The Arbitrator’s Powers. Du-pont argues that the award should be vacated under Connecticut General Statutes § 52-418 because the arbitrator exceeded his powers. We disagree. “Where the submission does not otherwise state, the arbitrators are empowered to decide factual and legal questions and an award cannot be vacated on the grounds that the construction placed upon the facts or the interpretation of the agreement by the arbitrators was erroneous.” Bic Pen Corp. v. Local No. 13k, United Rubber, Cork, Linoleum & Plastic Workers, 188 Conn. 579, 584, 440 A.2d 774 (Conn.1981) (internal quotations and citations omitted).
The question whether an arbitrator has exceeded his power is subject to de novo review, but the reviewing court “is limited to a determination as to whether the parties have vested the arbitrator[ ] with the authority to decide the issue presented or to award the relief conferred.” Harty, 275 Conn, at 85, 881 A.2d 139. “Every reasonable presumption and intendment will be made in favor of the award and of the arbitrator’s acts and proceedings. Hence, the burden rests on the party challenging the award to produce evidence sufficient to show that it does not conform to the submission.” Bic Pen Corp., 188 Conn, at 585, 440 A.2d 774.
Here, the parties agreed to arbitrate “any controversy or claim arising out of or relating to” the Termination of Employment Agreement. Dupont argues that he never agreed to arbitrate disputes involving fees arising out of the after-occurring litigation; but whether or not the after-occurring litigation is subject to the Termination of Employment Agreement is itself a “controversy or claim arising out of or relating to” that agreement. The arbitrator did not exceed his powers.
3. Manifest Disregard. While a court may vacate an arbitration award that is in manifest disregard of the law, the remedy “is narrow and should be reserved for circumstances of an arbitrator’s extraordinary lack of fidelity to established legal principles.” Garrity v. McCaskey, 223 Conn. 1, 10, 612 A.2d 742 (1992). A party seeking vacatur must prove that (1) the award contains an error that is obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator; (2) the arbitrator appreciated the existence of a clearly governing legal principle but decided to ignore it; and (3) the governing law was well defined, explicit, and clearly applicable. McCann v. Dep’t of Envtl. Prot., 288 Conn. 203, 220-21, 952 A.2d 43 (2008). “The exceptionally high burden for proving a claim of manifest disregard of the law ... is demonstrated by the fact that, since the test was first outlined in Garrity, [the Connecticut Supreme Court] has yet to conclude that an arbitrator manifestly disregarded the law.” Economos v. Liljedahl Bros. Inc., 279 Conn. 300, 307 n. 8, 901 A.2d 1198 (2006).
Dupont argues that the arbitrator acted in manifest disregard by awarding prejudgment interest. Connecticut law allows for prejudgment interest “as damages for the detention of money after it becomes payable.” Conn. Gen.Stat. § 37-3a. “The party seeking prejudgment interest has the burden of demonstrating that the retention of money is wrongful.” Travelers Prop, and Cas. Co. v. Christie, 99 Conn. App. 747, 763, 916 A.2d 114 (2007). Here, the arbitrator found that Dupont’s “conduct of this matter ... seem[s] dilatory.” Because “[t]he allowance of interest as an element of damages is ... primarily an *69 equitable determination and a matter lying within the discretion of the trial court,” O’Hara v. State, 218 Conn. 628, 643, 590 A.2d 948 (1991) (internal quotation marks omitted), Dupont has not sustained his “exceptionally high burden” to show that the arbitrator manifestly disregarded the law. Economos, 279 Conn, at 307 n. 8, 901 A.2d 1198.
4. The Arbitration Order. Dupont challenges the district court’s order compelling arbitration, arguing that the district court erroneously failed to “determine whether Mr. Dupont was required to arbitrate and ... did not decide for itself whether [the firm] presented ‘a controversy or claim arising out of or related to’ ” the Termination of Employment Agreement. This is incorrect: in its opinion denying Dupont’s motion to reconsider the order compelling arbitration, the district court ruled that “the current fee dispute over the [after-occurring] litigation ... clearly ‘relates to’ the original termination agreement,” as required to trigger the agreement’s arbitration clause. Tobin, Carbeiry, O’Malley, Riley & Selinger, P.C. v. Dupont, 2006 WL 1359137 at *2 (D.Conn.2006).
5. Vacatur or Correction. Finally, Dupont seeks vacatur (in part) or correction of the arbitration award. An arbitration award may be modified or corrected if (1) “there has been an evident material miscalculation of figures”; (2) “the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted”; or (3) “the award is imperfect in matter of form not affecting the merits of the controversy.” Conn. Gen.Stat. § 52-419(a).
There is no suggestion that the award contains a material miscalculation or that the award is imperfect in matter of form; rather, Dupont argues that the arbitrator “awarded upon a matter not submitted to [him].” But a court reviewing an award on an unrestricted submission — as is the case here — “is limited to comparing the submission to the arbitration award[; a]s long as the award conforms to the submission, the court must confirm it and reject an application to modify and correct it.” City of Milford v. Coppola Const., 2004 WL 3090680 at *2 (Conn.Super.Ct. Dec.l, 2004), aff'd, 93 Conn.App. 704, 891 A.2d 31 (2006). And because the arbitrator did not exceed the scope of the submission, the courts are without power to modify the award.
Accordingly, we hereby AFFIRM the judgment of the district court.